# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:13CR345 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| IVAN PERCY, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Ivan Percy's Motion for Sentencing Reduction. (Doc. 2034). For the following reasons, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND

On September 11, 2013, a Grand Jury indicted Defendant with one count of Conspiracy to Distribute and Possess with Intent to Distribute Heroin, a violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C) ("Count 1"); and three counts of Use of a Communication Facility to Facilitate a Drug Trafficking Offense, violations of 21 U.S.C. § 843(b).

On August 5, 2014, the Court adopted Defendant's plea of guilty to Count 1 and the Plea Agreement. On November 24, 2014, the Court sentenced Defendant to 125 months imprisonment and 3 years supervised release. Defendant is currently serving his imprisonment at Schuylkill Federal Correctional Institution.

On May 29, 2020, Defendant filed his Motion. (Doc. 2034). Defendant claims he is entitled to relief because the presence of COVID-19, combined with his medical history[1] and the Bureau of Prisons insufficient response, justifies his release. (*Id.*). On June 10, 2020, the Government filed its opposition. (Doc. 2044).

## II. LAW & ANALYSIS

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in certain circumstances, a defendant may ask the court to modify a sentence, otherwise known as "compassionate release." *Id.* at § 3582(c)(1)(A). Before doing so however, a defendant must exhaust his administrative remedies. *Id.*; *United States v. Alam*, --- F.3d ----, 2020 WL 2845694 (6th Cir. June 2, 2020).

After a defendant has exhausted his administrative remedies, he may ask the court for compassionate release. A defendant is entitled to compassionate release if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission." § 3582(c)(1)(A)(i).[2]

That applicable policy statement is outlined in § 1B1.13 of the Sentencing Guidelines. There, the Commission lists 'extraordinary and compelling reasons' as relating to a defendant's medical condition, age or family circumstance. U.S.S.G. § 1B1.13, n. 1. There is also a 'catch-all' provision for extraordinary reasons outside those listed. *Id.* However, before a court looks at the 'extraordinary and compelling reasons' supporting defendant's release, the court must first

---

[1] Defendant claims to suffer from both obesity and pre-diabetes. The Government contends that such ailments are not health conditions identified by the CDC as putting Defendant at a higher risk of severe illness from COVID-19. (Doc. 2044, PageID: 15990). Even assuming Defendant's medical conditions do put him at a risk for complications should he contract COVID-19, Defendant neglects to discuss how the virus impacts his danger to the public.

[2] There is a second scenario that entitles a defendant relief based on his or her age, but that section is not applicable to Defendant. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

- 2 -

determine that defendant is not a danger to the community as provided in 18 U.S.C. § 3142(g). *Id.* at § 1B1.13(2).

Section 3142(g) list four factors for the courts to consider whether a defendant poses a danger to the community. Those factors include: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to the community. 18 U.S.C. § 3142(g)(1)–(4).

Here, the Government concedes that Defendant exhausted his administrative remedies. (Doc. 2044, PageID: 15986). However, the Government argues Defendant presents a danger to the community after analyzing the § 3142(g) factors. "The defendant has the burden to show he is entitled to a sentence reduction" under § 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020). Defendant fails to address this critical argument.

Section 3142(g)(1) mandates that the court consider the nature and circumstances of the offenses charged, including offenses involving controlled substances. 18 U.S.C. § 3142(g)(1). Here, Defendant pleaded guilty to a crime involving controlled substances. Thus, by Congressional decree, the inherent nature of the offense indicates a strong threat to society. *United States v. Stone*, 608 F.3d 939, 947 n. 6 (6th Cir. 2010) (in the pretrial detention context, citing Sixth Circuit precedents affirming, on dangerousness grounds, the detention of run-of-the-mill drug dealers, even without an indication that the defendant has engaged in violence). This factor favors continued detention.

Likewise, the weight of the evidence against Defendant reflects his danger to the community. Section 3142(g)'s second factor goes to the weight of the evidence of Defendant's dangerousness. *Stone*, 608 F.3d at 948. As the Government discusses, Defendant participated in

numerous telephone conversations involving heroin trafficking. Defendant also agreed to the facts the Government alleged against him in the Plea Agreement. And since Defendant points to no contrary evidence, § 3142(g)'s second factor favors continued detention.

Next, the Court considers the history and characteristics of Defendant, particularly:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

18 U.S.C. § 3142(g)(3)(A)–(B).

Defendant appears to have family support, as he has a "wonderful" relationship with his children and the ability to reside with his mother in Tennessee. Moreover, the reported medical conditions and the threat of COVID-19 slightly weighs in favor of release.[3] Finally, despite Defendant's past issues with narcotics and alcohol, Defendant seems to be taking steps to improve while incarcerated.

Defendant's criminal history however, outweighs the above. Defendant has a lengthy criminal history involving both drug trafficking and violence. He committed the instant offense while under supervised release for a previous Federal offense. Additionally, Defendant's past record earned him the designation as a career offender.

---

[3] The Court notes however, there are no confirmed cases of COVID-19 at FCI Schuylkill. (https://www.bop.gov/coronavirus/) (last accessed June 15, 2020). The Court appreciates the Defendant's lengthy argument concerning the likelihood of spread at the facility and the Bureau of Prisons testing capabilities. But such speculation cannot, by itself, support Defendant's release.

Finally, the Court is skeptical about Defendant's claim that "[h]e has rehabilitated himself." (Doc. 2034, PageID: 15845). This self-serving statement ignores the plethora of opportunities Defendant had to rehabilitate himself, yet never did. Instead, he fell back into drug trafficking when money became tight.

Therefore, Defendant's history, especially his criminal history, weigh in favor of continued detention.

So does the fourth factor. Section 3142(g)(4) requires the Court to consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). For roughly two years, Defendant participated in a conspiracy to distribute opioids throughout the Cleveland community. The nation finds itself presently battling the effects of opioids in its communities. And while Defendant's plea involves a relatively small weight of narcotics, he still exacerbated the opioid addiction throughout the community. Moreover, Defendant's past behavior reflects that, when times are difficult, he returns to drug trafficking. He has been punished for similar crimes in the past but has not learned his lesson. All these considerations reflect the seriousness of the danger Defendant presents to the public.

After weighing the § 3142(g) factors, the Court finds Defendant a danger to the community. The Court cannot mitigate that danger by releasing Defendant into home confinement. Accordingly, Defendant's request for a sentence modification or release to home confinement is without merit.

The Court agrees that the presence of COVID-19 in our community is 'extraordinary' in the normal sense of the word. And the Court acknowledges that conditions in prisons are not

ideal for limiting the spread of the virus. But a wide-scale release of inmates is not the right solution, especially when those inmates present a danger to the public.

The Bureau of Prisons is working to limit the impact of COVID-19. According to public reports, the Bureau has succeeded so far in this endeavor at FCI Schuylkill. Whether through its own policies or court orders, the Bureau is releasing vulnerable inmates and lessening overall population in the facility. The Court has no reasons to believe that the Bureau has anything but the best intentions to keep the inmate population safe. *See also Raia*, 954 F.3d at 597 (anticipating the Bureau will properly utilize its statutory authorities to manage the COVID-19 crisis).

### III. CONCLUSION

At Defendant's Sentencing, the Court imposed a Sentence that reflected the seriousness of the offense; provided adequate deterrence to others; protected the public; and provided Defendant with the resources he needed to better himself. Defendant appears to have bettered himself while incarcerated by addressing past issues with drugs and alcohol. However, a sentencing modification at this time is insufficient considering Defendant's crimes and criminal history. The possibility of COVID-19 in the facility and Defendant's medical conditions do not justify Defendant's release. After considering these facts, the § 3553(a) factors and the danger Defendant presents to the public, the Court **DENIES** Defendant's Request for Sentencing Reduction. (Doc. 2034).

**IT IS SO ORDERED.**

          s/ Christopher A. Boyko
          **CHRISTOPHER A. BOYKO**
          **Senior United States District Judge**

**Dated: June 19, 2020**